IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-0707-CG-M |
| | ) | |
| FRANK SINKSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This matter is before the court on plaintiff's motion for leave to file amended complaint and motion for appointment of counsel. (Docs. 42 and 43). For the reasons set forth below, the motion for leave to file an amended complaint is denied, and the motion for appointment of counsel is deemed moot.

**BACKGROUND**

Plaintiff filed a complaint under 42 U.S.C. § 1983 against Correctional Officer Frank Sinkston, Assistant Warden Thomas, and the "disciplinary board chairman." Plaintiff claimed that, while incarcerated at Holman Correctional Facility ("Holman") in February 2004, the defendants violated plaintiff's constitutional rights by failing to assign him to a bottom bunk when he had an injured leg and by placing him in disciplinary segregation for twenty days when he refused to accept a top bunk. (Doc. 7, pp. 4-7).

Magistrate Judge Milling issued a report and recommendation on December 15, 2005,

recommending dismissal of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]  (Doc. 13).  This court adopted the report and recommendation and entered judgment, dismissing plaintiff's complaint without prejudice, on March 22, 2006.  (Docs. 15 and 16).  Plaintiff filed a notice of appeal dated March 22, 2006, which was docketed on April 17, 2006.  (Doc. 17).  Plaintiff also filed two motions, one to vacate the order and judgment adopting the report and recommendation, and the other seeking a transcript, both of which were docketed on April 17, 2006.  (Docs. 18 and 19).  This court denied the motions to vacate and for trial transcript on April 18, 2006.  (Docs. 20 and 21).

On May 24, 2006, plaintiff sought leave to appeal without prepayment of fees and costs.  (Doc. 24).  That motion was denied, too, because this court found that plaintiff's claims on appeal were frivolous and that the appeal was not taken in good faith.  (Doc. 25).  The Eleventh Circuit Court of Appeals agreed that the appeal was frivolous and denied leave to proceed in forma pauperis.  (Doc. 31).  Plaintiff asked the Eleventh Circuit to reconsider its order; the Eleventh Circuit responded with an order denying plaintiff's motion for leave to proceed and dismissing the appeal "because it is frivolous."  (Doc. 32).  While the appeal was pending, plaintiff filed a motion to alter, amend, and vacate the judgment, which this court denied as moot.  (Docs. 27 and 33).

Plaintiff subsequently filed a  notice of appeal, a motion for certificate of appealability, and a motion for transcript.  (Docs. 34, 35, and 37).  This court denied the two motions and the Eleventh Circuit Court of Appeals dismissed the appeal.  (Docs. 40 and 41).

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) provides that a court shall dismiss an in forma pauperis proceeding if it "fails to state a claim on which relief may be granted."

Plaintiff subsequently filed his motions to amend his complaint and to appoint counsel that are currently before this court. (Docs. 42 and 43). He also filed two other documents, which appear to be requests for waivers of service of summons. (Docs. 44 and 45).

**ANALYSIS**

Plaintiff brings his motion for leave to amend under FED. R. CIV. P. 15 and 19. The motion provides that, since the filing of plaintiff's complaint, plaintiff has determined that one of the defendant's names is Frank Sinktor.[2] (Doc. 42, ¶ 2).

> Rule 15(a) provides:
>
> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

FED. R. CIV. P. 15(a). To the extent that plaintiff relies on Rule 15(a), his motion must fail. "Fed. R. Civ. P. 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) (internal quotations and citations omitted). The court entered final judgment in favor of the defendants on March 22, 2006. (Doc. 16). As a consequence, plaintiff cannot move to amend his complaint under Rule 15(a) because Rule 15(a) "has no

---

[2]The motion is hand-written, making it difficult to determine exactly how plaintiff spelled this defendant's last name. The proper spelling of defendant's last name has no bearing on the outcome of this order.

3

application" after this court entered judgment.

Plaintiff also brings his motion under Rule 19, the rule providing for joinder of necessary parties. Rule 19 does not provide a mechanism for re-opening a dismissed case to join necessary parties.

In addition, the motion does not seek to add any new parties; it seeks to re-name an individual who was already a party to the case. As paraphrased above, plaintiff's motion says, "[s]ince the filing of the complaint the plaintiff has determined that the name of defendant is Frank Sinktor." (Doc. 42, ¶ 2). The complaint named "Frank Sinkson" as a defendant. (Doc. 7, p. 5). The magistrate judge's report and recommendation recognized that documents plaintiff filed "in this action indicate that this Defendant's name is Frank Singleton, not Frank Sinkston. However, for purposes of this review, the Court will refer to Defendant as Frank Sinkston." (Doc. 13, p. 2 n. 2) (internal citation omitted). It is clear that, whatever this defendant's last name really is, Frank S. is the prison guard that plaintiff alleges wrote plaintiff a "disciplinary" for disregarding a direct order to report to his assigned dormitory. (Doc. 7, pp. 5-6; Doc. 14, pp. 9-8). As such, the motion more directly falls under the purview of Rule 15(c), rather than Rule 19. Rule 15(c), like Rule 19, does not provide a mechanism for re-opening a dismissed case to change the name of an existing party to a lawsuit. Rather, if an amendment is allowed under Rule 15(a), Rule 15(c) sets forth the situations in which the amendment will relate back to the date of the original pleading. Because the amendment is not allowed under Rule 15(a) for the reasons discussed above, Rule 15(c) does not apply.

Dismissing plaintiff's motion for leave to amend his complaint should leave no doubt that this case is closed, mooting any need for this court to appoint counsel to represent plaintiff.

**CONCLUSION**

Plaintiff's motion to amend his complaint is **DENIED**.  His motion for appointment of counsel is therfore **MOOT**.

**DONE and ORDERED** this 28th day of November, 2007.

/s/ Callie V. S. Granade
**CHIEF UNITED STATES DISTRICT JUDGE**